```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X
SHAQUILLE CARTER,

                Plaintiff,          MEMORANDUM & ORDER

     - against -                    No. 22-cv-6715 (KAM)(LB)

UNITED STATES OF AMERICA and
LYDIA ORTIZ,

                Defendants.
----------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Pro se Plaintiff Shaquille Carter ("Carter" or "Plaintiff") commenced the instant action on October 24, 2022, based on events that occurred while Plaintiff was incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (ECF No. 1, Complaint, "Compl.") Plaintiff alleges that on September 30, 2021, while housed at the MDC, he sustained a second degree burn on his right foot to which Defendants United States of America (the "Government") and MDC employee, Registered Nurse Lydia Ortiz ("RN Ortiz" and, together with the Government, "Defendants"), failed to adequately attend, in violation of the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"). Subsequently, on May 26, 2023, Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See generally* ECF No. 23, Motion to Dismiss.) On March 29, 2024, the Court granted

the Defendants' motion to dismiss and dismissed Plaintiff's complaint in its entirety. (*See* ECF No. 29, M&O.) The Court explained in its order that it would "consider granting leave to amend Plaintiff's FTCA claims if Plaintiff is able to provide a proposed Amended Complaint that addresses the factual deficiencies discussed in this Memorandum and Order regarding his FTCA claims." (M&O at 38-39.) Plaintiff was granted until May 26, 2024, to move for leave to amend. (*Id.*) The Court's order was served on Plaintiff on April 1, 2024. (ECF No. 30.)

On April 25, 2024, Plaintiff submitted a motion for the Court to appoint counsel to represent him in this action. (ECF No. 32.) The Court denied Plaintiff's request, (Docket Order dated April 30, 2024), explaining that the factors set forth in *Hodge v. Police Officers* did not warrant a court request for volunteer counsel in this action, 802 F.2d 58, 61-62 (2d Cir. 1986). This order was served on Plaintiff the day it was entered on April 30, 2024. Plaintiff's May 26, 2024, deadline to file an amended Complaint passed with no action by the Plaintiff, and subsequently, this Court Ordered Plaintiff to Show Cause by June 25, 2024, why the action should not be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute. (Docket Order dated June 14, 2024.) Plaintiff was warned that if he "fails to show cause in writing by June 25, 2024, the Court is likely to dismiss this action." (*Id.*) The Court has not received a response from Plaintiff as of the

2

date of this Order.

"Although not explicitly authorized by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint for failure to prosecute *sua sponte*," and may do so for failure to comply with a court order. *Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) (summary order) (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). A court considering whether to dismiss an action for failure to prosecute must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. No single factor is generally dispositive.

*Baptiste v. Sommers,* 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted). The factors here favor dismissal of this case.

*First*, Plaintiff has taken no action to prosecute this case since the Court denied his request to appoint counsel, despite the presence of several court-ordered deadlines regarding amendment of his complaint, all of which have been served on Plaintiff. Plaintiff continued to take no action despite this Court's recent order, issued more than a month ago, that Plaintiff respond to an

3

order to show cause regarding why the action should not be dismissed. The deadline for Plaintiff to respond passed on June 25, 2024.

*Second*, the court's June 14, 2024, order put Plaintiff on notice that the Court would dismiss this action for failure to prosecute unless Plaintiff responded. In response, Plaintiff did nothing.

*Third*, "while the prejudice to defendant and the burden on the [c]ourt are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.'" *Rozell v. Berryhill*, No. 18-cv-969 (AJN) (JLC), 2019 WL 1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). Defendants, who have vigorously defended this case including through a fully-briefed motion to dismiss, and the Court have an interest in having this case either proceed or close if Plaintiff does not intend to see it through.

Fourth, the Court must also consider the heavy demands of its docket. The Court, in light of the liberal standard for granting leave to amend, allowed Plaintiff the chance to move for leave to submit an amended complaint in response to the Court's order dismissing his original complaint. "Since [P]laintiff has shown no interest in moving this case forward, the [c]ourt's need to reduce docket congestion outweighs the [P]laintiff's right to be

4

heard in this case." *Phair v. Suffolk Cty. Corr. Facility*, No. 19-cv-3302 (GRB), 2020 WL 3489495, at *2 (E.D.N.Y. June 26, 2020); *see also Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) ("The efficient administration of judicial affairs—a consideration vital to the [c]ourt's ability to provide meaningful access to other litigants—depends on the [c]ourt's overseeing its docket and guaranteeing that its cases progress with appropriate speed.").

Finally, no lesser sanction will be effective in moving this action forward. Plaintiff has ignored his obligation to prosecute this case, and ignored this Court's recent order to show cause why the action should not be dismissed. If the case is not dismissed, it will likely remain open and stalled for the foreseeable future.

Accordingly, the case is hereby DISMISSED for failure to prosecute and comply with a court order.

The Clerk of Court is directed to enter judgment dismissing the case, to close the case, and to mail a copy of this order and the judgment to Plaintiff and note service on the docket by July 30, 2024.

**SO ORDERED.**

Dated:   July 26, 2024
         Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

5